

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff | § § § | CIVIL ACTION: 05-2668 SECTION: JUDGE: |
| versus | § § § | JURY TRIAL DEMANDED SECT. R MAG. 5 |
| THE KANSAS CITY SOUTHERN RAILWAY COMPANY, Defendant | § § § | MAG. NUMBER: MAGISTRATE: |

**COMPLAINT AND JURY DEMAND**

**NATURE OF THE ACTION**

This is an action under Title VII of the Civil Rights Act of 1964 ("Title VII" or the "statute"), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of race (Black) and retaliation, and to provide appropriate relief to the following individuals, as well as any others in like and related circumstances: (1) Thomas D. Turner ("Turner"); (2) Jesse J. Frank ("Frank"); (3) Clarence Cargo ("Cargo"); (4) Lester Thomas ("Thomas"); (5) Donald McNeal ("McNeal"); and (6) Roberta Brown ("Brown") (sometimes hereinafter referred to collectively as the "Identified Aggrieved Parties"). The Commission alleges that Defendant discriminated against

- 1 -



the Identified Aggrieved Parties on the basis of their race (Black) through unlawful disciplinary actions. The Commission also alleges that Defendant unlawfully retaliated against Clarence Cargo and Roberta Brown for engaging in activity protected by Title VII of the Civil Rights Act of 1964, as amended, in violation of that statute. The Commission's allegations are discussed with greater particularity in paragraph 7 below.

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. Section 1981a.

2.  Most of the employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Louisiana. Identified Aggrieved Parties Turner, Frank, Cargo, and Thomas worked for Defendant in New Orleans, Louisiana at the time they suffered the employment actions which are the subject of this lawsuit.

## PARTIES

3.  Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. Section 20003-5(f)(1) and (3).

4.  At all relevant times, Defendant, The Kansas City Southern Railway Company (the "Employer" or "Defendant"), has continuously been a Missouri Corporation doing business in the State of Louisiana and the City of New Orleans, and has continuously had at least 15 employees.

Defendant was the employer of all of the Identified Aggrieved Parties at the time of the employment actions challenged herein.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, the Identified Aggrieved Parties filed charges with the Commission alleging violations of Title VII by the Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least October of 2002, Defendant has engaged in unlawful employment practices in New Orleans, Louisiana, in Shreveport, Louisiana, and Lake Charles, Louisiana, in violation of Section 703(a) and 704(a) of Title VII, 42 U.S.C. § 2000e-2(a) and §2000e-3(a). Specifically:

    A. **TURNER.** On or about October 23, 2002, Defendant terminated the employment of Turner on the basis of his race (Black), in violation of Title VII.

    B. **FRANK.** On or about February 5, 2003, Defendant suspended Frank for 90 days on the basis of his race (Black), in violation of Title VII.

    C. **CARGO.** On or about May 29, 2003, Defendant suspended Cargo for 45 days on the basis of his race (Black), and/or in retaliation for engaging in protected activity, in violation of Title VII. On or about November 4, 2003, Defendant suspended Cargo because of his race and/or in retaliation for engaging in activity protected by Title VII. On or about January 23, 2004, Defendant terminated the employment of Cargo on the basis of his race, and/or in retaliation for engaging in protected activity, in violation of Title VII.

    D. **THOMAS.** On or about March 12, 2004, Defendant terminated the employment of Thomas on the basis of his race (Black), in violation of Title VII.

    E.    **MCNEAL.** On or about June 24, 2003, Defendant terminated the employment of McNeal on the basis of his race (Black), in violation of Title VII.

    F.    **BROWN.** On or about November 25, 2003, Defendant suspended Brown for 30 days on the basis of race (Black) and/or in retaliation for engaging in protected activity, thereby violating Title VII. On or about January 16, 2004, Defendant terminated the employment of Brown in retaliation for engaging in protected activity, in violation of Title VII.

    8.    The effects of the practices complained of in paragraph 7 above have been to deprive the Identified Aggrieved Parties, and all persons in like or related circumstances, of equal employment opportunities and to otherwise adversely affect their status as employees, because of race and opposition to practices made unlawful under Title VII of the Civil Rights Act of 1964, as amended.

    9.    The unlawful employment practices complained of in paragraph 7 above were intentional.

    10.    The unlawful employment practices complained of in paragraph 7 were done with malice or with reckless indifference to the federally protected rights of the Identified Aggrieved Parties.

### **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

    A.    Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in racial discrimination, retaliation, and any other employment practices which discriminate on the basis of race and retaliation.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for Black persons and for employees who oppose unlawful employment practices, and which eradicate the effects of its past and present unlawful employment practices, including but not limited to training of personnel concerning Equal Employment Opportunity law.

C. Order Defendant to make whole the Identified Aggrieved Parties, and all those individuals in like or related situations, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices including but not limited to compensatory and punitive damages.

D. Order Defendant to make whole the Identified Aggrieved Parties, and all those individuals in like or related situations, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7, including but not limited to job search expenses in amounts to be determined at trial.

E. Order Defendant to make whole the Identified Aggrieved Parties, and all those individuals in like or related situations, by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 7 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life and humiliation, in amounts to be determined at trial.

F. Order Defendant to pay the Identified Aggrieved Parties, and all those individuals in like or related situations, punitive damages for its malicious and reckless conduct described in paragraph 7 above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

**ERIC S. DREIBAND**
General Counsel
No Bar Roll Number Assigned

**JAMES L. LEE**
Deputy General Counsel
No Bar Roll Number Assigned

**GWENDOLYN YOUNG REAMS**
Associate General Counsel
No Bar Roll Number Assigned

_____
**KEITH T. HILL**
Regional Attorney
E.D. Bar Roll No. 15200000

_____
**MICHELLE T. BUTLER**
Supervisory Trial Attorney
Bar Roll No. 1286

_____
**GREGORY T. JUGE**
Senior Trial Attorney
Bar Roll No. 20890

*[signature]*

**N. ELEANOR GRAHAM (T.A.)**
Senior Trial Attorney
Bar Roll No. 16946
**U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION**
New Orleans District Office
701 Loyola Avenue
Suite 600
New Orleans, LA  70113
Tel:    (504) 589-3844 (Hill)
          (504) 589-6942 (Butler)
          (504) 589-2663 (Juge)
          (504) 589-6922 (T.A. Graham)
Fax:    (504) 589-2805
**COUNSEL FOR PLAINTIFF,
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION**

**REGISTERED AGENT FOR
SERVICE OF PROCESS:**

**C T CORPORATION SYSTEM
8550 UNITED PLAZA BLVD.
BATON ROUGE, LA 70809**

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

**05-2668**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Equal Employment Opportunity Commission

## DEFENDANTS
The Kansas City Southern Railway Company

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  St. Paul / Orleans
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
N. Eleanor Graham, EEOC, 701 Loyola Avenue, New Orleans, La 70113 (504) 589-6817

Attorneys (If Known)

**SECT. R MAG. 5**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

[X] 1 U.S. Government Plaintiff
[ ] 2 U.S. Government Defendant
[ ] 3 Federal Question (U.S. Government Not a Party)
[ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury - Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury - Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | PROPERTY RIGHTS | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | PERSONAL PROPERTY | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | [ ] 690 Other | | [ ] 490 Cable/Sat TV |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | [ ] 810 Selective Service |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 195 Contract Product Liability | | | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 196 Franchise | | | [ ] 730 Labor/Mgmt.Reporting & Disclosure Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | [ ] 740 Railway Labor Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 892 Economic Stabilization Act |
| [ ] 220 Foreclosure | [X] 442 Employment | Habeas Corpus: | [ ] 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 894 Energy Allocation Act |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 895 Freedom of Information Act |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 540 Mandamus & Other | | | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | [ ] 550 Civil Rights | | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 440 Other Civil Rights | [ ] 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

[X] 1 Original Proceeding
[ ] 2 Removed from State Court
[ ] 3 Remanded from Appellate Court
[ ] 4 Reinstated or Reopened
[ ] 5 Transferred from another district (specify)
[ ] 6 Multidistrict Litigation
[ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Title VII of the Civil Rights Act of 1974 and Title I of the Civil Rights Act of 1991
Brief description of cause: Title VII - 2000e 5(f)(1)

## VII. REQUESTED IN COMPLAINT:
[x] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE  6/28/05
SIGNATURE OF ATTORNEY OF RECORD  N. Eleanor Graham

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____